**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter  **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Videology Ltd** |
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | |

| | | | |
|---|---|---|---|
| **4.** | **Debtor's address** | **Principal place of business** **Noah's Yard** **10 York Way** **LONDON, N1 9AA, UK** Number, Street, City, State & ZIP Code _____ County | **Mailing address, if different from principal place of business** _____ P.O. Box, Number, Street, City, State & ZIP Code **Location of principal assets, if different from principal place of business** _____ Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | **https://videologygroup.com/** | |
| **6.** | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) ☐ Partnership (excluding LLP) ☐ Other. Specify: _____ | |

Debtor  **Videology Ltd**  
      Name

Case number (*if known*) _____

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    **5415**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

- ■ No.
- ☐ Yes.

If more than 2 cases, attach a separate list.

District _____ When _____ Case number _____  
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ■ Yes.

List all cases. If more than 1, attach a separate list

Debtor **See Attachment 1**  Relationship _____  
District _____ When _____ Case number, if known _____

Debtor **Videology Ltd**                                                                                   Case number (*if known*)
       Name

**11. Why is the case filed in *this district*?**   *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard?  _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**  _____
                              Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency  _____
         Contact name     _____
         Phone            _____

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
■ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
■ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
■ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | Videology Ltd | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    May 10, 2018
              MM / DD / YYYY

X  /s/ Scott A. Ferber
Signature of authorized representative of debtor

Scott A. Ferber
Printed name

Title    **Director**

**18. Signature of attorney**

X  /s/ David Dean
Signature of attorney for debtor

Date    May 10, 2018
        MM / DD / YYYY

G. David Dean
Printed name

Cole Schotz P.C.
Firm name

500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Number, Street, City, State & ZIP Code

Contact phone   302-652-3131    Email address   ddean@coleschotz.com

Bar No. 6403 DE
Bar number and State

**Attachment 1**

**LIST OF AFFILIATED DEBTORS**

On the date hereof, each of the affiliated entities listed below (including the Debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of Title 11 of the United States Code. Contemporaneously with the filing of their petitions, these entities filed a motion requesting that the Court administratively consolidate for procedural purposes only and jointly administer their chapter 11 cases.

1. Videology, Inc.
2. Collider Media, Inc.
3. Videology Media Technologies, LLC
4. LucidMedia Networks, Inc.
5. Videology Ltd.

**COMPANY NUMBER: 07476031**

**THE COMPANIES ACT 2006**

---

**COMPANY LIMITED BY SHARES**

---

**WRITTEN RESOLUTIONS OF THE SOLE DIRECTOR**

-of-

**VIDEOLOGY LTD**
(the "Company")

---

Pursuant to Article 4.1 of the Company's articles of association (the "**Articles**"), I, the undersigned, being the sole director of the Company (the "**Director**"):

**INTERESTS IN PROPOSED AND EXISTING TRANSACTIONS AND/OR ARRANGEMENTS WITH THE COMPANY**

1. note that the Director confirms that he has an interest in the business dealt with herein, which he is required by section 177 of the Companies Act 2006 (the "Act") or otherwise to disclose, because:

    a. he is a director of the Company and Videology, Inc. ("**Parent**") whose board of directors, of which the Director of the Company is also a director, is seeking to file, on behalf of Videology, Inc. for Chapter 11 Bankruptcy; and

    b. he is a director of the Company and Videology Media Technologies B.V. ("**VMT B.V**"), the Netherlands indirect subsidiary of Videology, Inc. VMT B.V. is owed a substantial receivable by the Company, that the Company is currently unable to pay; therefore VMT B.V. is a creditor of the Company.

2. note that, pursuant to Article 4.9 of the Articles, provided he has declared the nature and extent of his interest in accordance with the requirements of the Act, a director who is in any way interested in a proposed transaction is an eligible director for the purposes of any proposed decision, and is entitled to vote on a written resolution, in respect of such transaction.

1

**PROPOSED BUSINESS**

**WHEREAS THE DIRECTOR NOTED THAT:**

1. Since 27 March 2018, the date of the Director's last written resolutions, the following actions had been taken:

    a. The Director recognises that the Company is entirely dependent on the Parent by virtue of the Parent owning the IP necessary to trade the Videology group. In order to preserve the Company's business as a going concern, and to be in a position to sell it as a going concern, the Company's strategy has been to support the ongoing sale process of the Parent and the Company.

    b. Whilst the sale process has been ongoing the support of the group's funders Fastpay and Tennenbaum (the "**Funders**") has been critical. The preferences of the intended purchaser as to the future of the Company under a stalking horse arrangement (the "**Purchaser**") has also been critical. Both the Funder and the Purchaser have expressed a preference that if a sale can be agreed for the Parent and the Company, it should if possible enter a process under Chapter 11 of the Bankruptcy Code.

    c. The Director has determined, based on advice of the Company's legal and financial advisors as well as management, that it is in the best interest of the Company, its creditors, employees, and the public to continue the operation of the Company and to accomplish the same by having the Company file a voluntary petition for relief (the "**Chapter 11 Case**") under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). Recognising this, and in the belief that a sale of the Company's business and assets as a going concern, through the Chapter 11 Case, is in the best interests of creditors generally, the Director resolved not to immediately file an application for the appointment of administrators to the Company, but instead resolved to monitor the situation closely so that, if a winding up petition was threatened that could prejudice the ongoing sale process, further advice could be taken and acted upon immediately to protect creditors.

    d. In the meantime, the Director resolved to ensure that all creditors were paid equally and no credit was incurred that the Director knew the Company would not be in a position to pay, save for:

        i. critical payments to support the restructuring process and sale and retain a saleable business, namely professional costs, employee costs and critical suppliers who could, if not paid, irreparably damage the business;

        ii. Creditors posing a genuine threat of filing for winding up petitions against the Company, which would, if made, potentially cause irreparable damage to the business. On the advice of Legal and Insolvency counsel, the Company has paid such creditors to ensure the current stable process is maintained which should ensure overall better realisations for creditors.

**RESOLUTIONS OF SOLE DIRECTOR**

NOW, THEREFORE following consideration, including consideration of those matters set out in section 172 of the Companies Act 2006, including section 172(3), it is:

1. **RESOLVED:** that, on the advice of Cole Schotz, RSM and DWF, in the interests of the creditors, employees and other interested parties of the Company, and the wider creditors

2

of the group of companies as a whole, by pursuing the immediate sale of the group (including the Parent and the Company) with the intention of maximising value for all creditors, the Director would best be acting in the interests of creditors;

2. **RESOLVED:** to, in the name and on behalf of the Company, execute and verify a petition for relief under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") at such time as the Director shall determine, in consultation with the Company's professionals, and that it is in the best interest of the Company;

3. **RESOLVED:** that the Director execute and file all necessary documents, including, without limitation, execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers and, in that connection, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and to take and perform any and all further acts and deeds deemed necessary, proper or desirable in connection with the successful prosecution of the Chapter 11 Case;

4. **RESOLVED:** that the Director, on behalf of and in the name of the Company, to secure the payment and performance of any post-petition financing by (i) pledging or granting liens and mortgages on, or security interest in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the Director executing the same, the execution thereof by the Director to be conclusive evidence of such approval or determination;

5. **RESOLVED:** that the Director, the Company and its employees and advisors take all actions necessary and appropriate to pursue efforts to sell the business and assets of the Company to preserve and realise the fair value of the Company's business and assets, and as and when appropriate, to enter into a sale agreement with respect to all or any portion of the Company's assets with such terms and provisions as the Director deems necessary or advisable, and to enter into any other agreements, documents and instruments in connection therewith, and to take all such further actions, perform such further duties and execute and deliver or file such additional agreements, documents, applications, instruments, certificates and corporate papers as contemplated in or by any such asset purchase agreement or as the Director may otherwise deem necessary or desirable to accomplish and consummate the transactions contemplated by such asset purchase agreement;

6. **RESOLVED:** to work with the Company advisors to formulate and to propose a Chapter 11 plan of reorganisation or liquidation (a "**Plan**") and enter into any agreements, documents and instruments in connection therewith, and to take all such further action, perform such further duties and execute and deliver or file such additional agreements, documents, applications, instruments, certificates and corporate papers as contemplated in or by such Plan or as the Director or the Company's advisors may otherwise deem necessary or desirable in connection therewith;

7. **RESOLVED**: that the Company's retention of the insolvency and restructuring practitioners, RSM UK, as bankruptcy and restructuring counsel for the Company in the Chapter 11 Case, is hereby ratified and approved, subject to Bankruptcy Court approval;

8. **RESOLVED**: that the Company's retention of DWF LLP as special corporate counsel for the Company in the Chapter 11 Case, is hereby ratified and approved, subject to Bankruptcy Court approval;

9. **RESOLVED**: that the Director and the Company employ and retain such additional professionals and advisors that the Director deems necessary, proper or desirable in connection with the successful prosecution of the Chapter 11 Case;

10. **RESOLVED**: that the Director take all actions or to not take any action in the name of and on behalf of the Company and or its subsidiaries with respect to the transactions contemplated by these Resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary or indirect subsidiary, in each case, as the Director shall deem necessary, appropriate, or desirable in the Director's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein;

11. **RESOLVED:** that should the position change with regard to the proposed sale of the Company or its funding or a winding up petition be threated against the Company, the Director would take urgent advice as to how to best protect the Company's business as a going concern in order to facilitate its sale with the Parent and continue to act in the best interests of creditors; and

12. **RESOLVED** to:

    (i) Continue to regularly review the Company's financial position and future cash flows and consider ways to reduce expenditure and note any decisions made and the reasons for them.

    (ii) Maintain accurate and up-to-date Company financial records.

    (iii) Continue to explore all possible sources of funding for the company.

    (iv) Continue to support the proposed sale of the business and assets of the Parent and the Company to the Purchaser.

    (v) After taking appropriate advice, determine and implement the appropriate protections for the Company from creditor action. This could include either:

        a. the filing of Chapter 11 proceedings in the U.S. and an application in the English High Court to recognise those proceedings as foreign proceedings, with a request for a discretionary moratorium; or

        b. the filing of an application for an administration order in respect of the Company in the English High Court.

    (vi) With continuing advice from counsel, continue not to incur credit that the Company was not in a position to repay, to treat creditors equally, and use the Company's limited funds for critical payments only.

*/s/ Scott A. Ferber*
Scott A. Ferber
Director

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VIDEOLOGY LTD., | Case No. 18-_____ (___) |
| Debtor. | Tax I.D. 108 3749 10 |

**CONSOLIDATED LIST OF CREDITORS
HOLDING 30 LARGEST UNSECURED CLAIMS AGAINST DEBTORS**

The following is a list of creditors (the "List of Creditors") holding the 30 largest unsecured claims against the above-captioned Debtor and certain of its debtor affiliates (collectively, the "Debtors"), all of which simultaneously have commenced chapter 11 cases in this Court. The List of Creditors has been prepared on a consolidated basis from the unaudited books and records of the Debtors with estimated amounts as of March 28, 2018. The List of Creditors is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases. The List of Creditors does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of any Debtor's right to contest the validity, priority and/or amount of any such claim.

**Fill in this information to identify the Case:**

Debtor  <u>Videology, Inc., *et al.*</u>

United States Bankruptcy Court for the:_____ District of Delaware

Case Number (if known):_____

☐ Check if this is an amended filing

OFFICIAL FORM 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders     12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured |
| 1. | GroupM UK<br>24-28 Bloomsbury Way,<br>London, UK | Attn: Tom George, CEO<br>Phone: 44 20 7158 5000 | Trade Debt | | | | $18,204,169.16 |
| 2. | Finecast Limited<br>27 Farm Street,<br>London W1J 5RJ UK | Attn: Legal Dept.<br>Phone: 44 20 7408 2204<br>Fax: 44 20 7493 6819 | Trade Debt | | | | $12,341,863.92 |
| 3. | Pinnacle Ventures Equity Fund II, L.P.<br>1600 El Camino Real, Ste. 250<br>Menlo Park, CA 94025-4120 | Attn: Legal Dept.<br>Phone: 650-926-7800<br>Fax: 650-926-7801 | Success Fee | | | | $5,650,000.00 |
| 4. | Group M Worldwide Inc.<br>498 Fashion Ave.<br>New York, NY 10018 | Attn: Tom George, CEO<br>Phone: 212-297-8181<br>Fax: 212-297-8120 | Trade Debt | | | | $5,000,000.00 |
| 5. | Sky Adsmart<br>160 Victoria Street<br>Westminster, London SW1E 5LB | Attn: Legal Dept.<br>Phone: 020 7032 2000 | Trade Debt | | | | $4,656,982.94 |

57731/0002-15656849v4

| Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured** |
| 6. Junfer Tech LLC<br>Editora el Sol, SA de CV,<br>Attn: Jorge A. Meléndez<br>Washington 629 Ote.<br>Monterrey<br>Nuevo León 64000<br>México | Editora el Sol, SA de CV,<br>Attn: Jorge A. Meléndez<br>Washington 629 Ote.<br>Monterrey<br>Nuevo León 64000<br>México<br>52-818-150-8815 | Convertible Debt | | | | $4,340,442.51 |
| 7. HarbourVest/NYSTRS Co-Invest Fund L.P.<br>One Financial Center<br>44th Floor<br>Boston, MA  02111 | Phone: 617-348-3759<br>Fax: 617-350-0305 | Convertible Debt | | | | $2,699,760.00 |
| 8. Pinnacle Ventures LLC<br>1600 El Camino Real, Ste. 250<br>Menlo Park, CA  94025-4120 | Attn: Legal Dept.<br>Phone: 650-926-7800<br>Fax:  650-926-7801 | Success Fee | | | | $2,000,000.00 |
| 9. Ferlin Investments, LLC<br>P.O. Box 1567<br>Stony Brook, NY  11790 | Attn: Jason W. Ellin<br>Fax:  443-269-0096 | Convertible Debt | | | | $1,800,000.00 |
| 10. Pinnacle Ventures Equity Fund II, L.P.<br>1600 El Camino Real, Ste. 250<br>Menlo Park, CA  94025-4120 | Attn: Legal Dept.<br>Phone: 650-926-7800<br>Fax:  650-926-7801 | Convertible Debt | | | | $1,759,530.03 |
| 11. LucidMedia Holdings, LLC<br>f/k/a Entrieva, Inc.<br>P.O. Box 8130<br>11490 Commerce Park Drive<br>Suite 220<br>Reston, VA  20191 | Attn: John Kohler<br>Sr. Director, Impact Capital Program<br>Phone: 703-207-0040<br>Fax: 703-391-9139 | Convertible Debt | | | | $1,500,000.00 |
| 12. Edward Greenspan<br>77 Aspetong Road<br>Bedford, NY  10506 | teddy.greenspan@tag-arts.com | Convertible Debt | | | | $1,350,000.00 |
| 13. AdapTV<br>1 Waters Park Drive<br>Suite 250<br>San Mateo, CA  94403 | Attn: Legal Dept.<br>Phone: 650-212-1003<br>Fax:  650-312-9223 | Trade Debt | | | | $1,124,406.28 |

2

Debtor Videology, Inc., *et al.* _____    Case number (if known)_____
       Name

| | Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br><br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured |
| 14. | SmartX<br>97 Charlotte Street<br>London, UK  W1T 4QA | Attn: Legal Dept.<br>Phone: +44 77 3746 8845 | Trade Debt | | | | $1,009,877.02 |
| 15. | Beachfront Media<br>135 West 41 Street, 5th Floor<br>New York, NY  10036 | Attn: Legal Dept.<br>Phone: 310-740-9255<br><br>info@beachfrontmedia.com | Trade Debt | | | | $935,364.20 |
| 16. | Ad Karma<br>3806 Buttonwood Drive<br>Columbia. MO  65201 | Phone: 573-446-5740 | Trade Debt | | | | $926,353.90 |
| 17. | Perform Sporting News, LLC<br>4th Floor Uniton House<br>65-69 Sheperds Bush<br>London, UK Q12 8TX | Attn: Legal Dept.<br>Phone: 44 20 8484 0800<br>Fax:  44 20 8484 0808 | Trade Debt | | | | $775,982.82 |
| 18. | FuturesMedia<br>Beauford Court<br>Bath, UK, BA1 2BW | Attn: Legal Dept. | Trade Debt | | | | $715,256.40 |
| 19. | LHP Media Group<br>817 East Hillsboro Blvd.<br>Deerfield Beach, FL  33441 | Attn: Legal Dept.<br><br>Info@lhpmediagroup.com | Trade Debt | | | | $660,944.51 |
| 20. | Optimatic Media, Inc.<br>261 Madison Avenue<br>New York, NY  10016 | Attn: Legal Dept.<br>Phone: 212-968-0600<br><br>bizdev@optimatic.com | Trade Debt | | | | $628,121.38 |
| 21. | Exelate, Inc.<br>28803 Network Place<br>Chicago, IL 60673-1288 | Attn: Legal Dept.<br>Phone: 646-380-4400 | Trade Debt | | | | $607,695.95 |
| 22. | Theodore J. Leonsis, Trustee, Theodore J. Leonsis Revocable Trust Dated 3/21/00<br>11231 River View Drive<br>Potomac, MD  20854-1565 | Attn: Legal Dept. | Convertible Debt | | | | $600,000.00 |

3

Debtor Videology, Inc., *et al.*_____    Case number (if known)_____
       Name

| Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim ||| 
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured |
| 23. SpotXchange, Inc.<br>Dept. LA 24040<br>Pasadena, CA 91185 | Attn: Legal Dept.<br>Phone: 303-345-6650 | Trade Debt | | | | $599,393.86 |
| 24. comScore, Inc.<br>14140 Collection Center Drive<br>Chicago, IL 60693 | Attn: Legal Dept.<br>Phone: 312-775-6470 | Trade Debt | | | | $590,000.00 |
| 25. Ascend Video LLC<br>7171 West 95th Street<br>Suite 300<br>Overland Park, KS 66212 | Attn: Legal Dept.<br>Phone: 913-469-1110<br><br>bkay@ascendintegratedmedia.com | Trade Debt | | | | $565,116.16 |
| 26. Vungle, Inc.<br>185 Clara St., Suite 100<br>San Francisco, CA 94107 | Attn: Legal Dept.<br>Phone: 951-181-5377<br>Phone: 415-963-9227 | Trade Debt | | | | $563,168.15 |
| 27. ITV plc<br>200 Gray's Inn Road<br>London, UK WC1X 8HF | Attn: Legal Dept.<br>Phone: +44 20 7156 6000<br><br>groupsecretariat@itv.com | Trade Debt | | | | $547,814.16 |
| 28. AOL Advertising, Inc.<br>Shropshire House<br>11-20 Capper Street<br>London, UK WC1E 6JA | Phone: 020 1701 0514<br>Alt Ph: 020 7492 1000<br>Fax: 020 7492 1099<br><br>infouk@teamaol.com | Trade Debt | | | | $519,373.83 |
| 29. Yahoo (BRX)<br>17-19 Guillaume Tell<br>Paris, France | Attn: Legal Dept.<br>Phone: 33 142 27 47 25 | Trade Debt | | | | $517,606.88 |
| 30. Philip Archer<br>5802 Gentle Breeze Ter.<br>Austin, TX 78731 | (512) 495-1992<br>512.407.9787 (W)<br>512.680.9558 (M)<br><br>phil@wiserpartners.com | Convertible Debt | | | | $506,391.60 |

57731/0002-15656849v4
Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who have the 30 Largest Unsecured Claims

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| VIDEOLOGY LTD., | : | Case No. 18-_____ (___) |
| | : | |
| Debtor. | : | Tax I.D. 108 3749 10 |
| | : | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the above-captioned Debtor's equity interests:

| Holder | Percentage of Ownership |
|---|---|
| Videology, Inc. | 100% |

| | |
|---|---|
| Fill in this information to identify the case and this filing: | |
| Debtor Name: Videology Ltd. | |
| United States Bankruptcy Court for the: District of DELAWARE | |
| Case number (*if known*): _____ | |

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

| | |
|---|---|
| ☐ | *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B) |
| ☐ | *Schedule D: Creditors Who have Claims Secured by Property* (Official Form 206D) |
| ☐ | *Schedule D/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F) |
| ☐ | *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G) |
| ☐ | *Schedule H: Codebtors* (Official Form 206H) |
| ☐ | *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum) |
| ☐ | *Amended Schedule* ____ |
| ☒ | *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204) |
| ☒ | Other document that requires a declaration:  Corporate Ownership Statement |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/10/2018
            MM/DD/YYYY

X _____
Signature of individual signing on behalf of debtor

Scott A. Ferber
Printed name

Director
Position or relationship to debtor

57731/0002-15657033v1